UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
ALFREDA S. LEWIS,             )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No.
                              )   05-0689 (GK)
OWEN HEALTHCARE, INC.,        )
                              )
        Defendant.            )
_____)
```

### MEMORANDUM OPINION

Plaintiff, Alfreda S. Lewis, brings suit against Owen Healthcare, Inc., alleging discrimination on the basis of religion and race in violation of Title VII, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and the D.C. Human Rights Act, D.C. Code §§ 2-1401 et seq. ("DCHRA").

This matter is before the Court on Defendant's Partial Motion to Dismiss or, in the Alternative, for Partial Summary Judgment. Upon consideration of the Motion, Opposition, and Reply, and the entire record herein, and for the reasons stated below, Defendant's Motion is **granted**.

### I. BACKGROUND

In June of 2001, Plaintiff requested leave from her employment with Defendant for three days to attend a "sacred religious ceremony." See Compl. at 2. Defendant rejected her request. Plaintiff attended the religious ceremony anyway, and when she returned was fired for job abandonment. See id.

On April 18, 2002, Plaintiff filed a complaint with the D.C. Office of Human Rights ("OHR") alleging religious and racial discrimination under the DCHRA. Def.'s Br. at 3, Ex. 1. Plaintiff argued that others could have performed her job duties in her absence, and noted that Defendant granted an Asian co-worker's request for leave. Compl. at 2; Pl.'s Mem. Opp'n ("Opp'n") at 5. Defendant responded that the job could not function without her and that her co-worker's leave was in place before hers. Def.'s Br. at 3, Ex. 2.

Plaintiff sent two letters to the OHR to check on the status of her complaint and received prompt replies. Id., Ex. 3. On April 30, 2004, after a full investigation, the OHR issued Plaintiff a Letter of Determination finding no probable cause for her claims. Id., Ex. 2. The Letter of Determination addressed in detail the merits of Plaintiff's claims and informed Plaintiff that she could apply for reconsideration of the OHR's conclusion, or in the alternative, file an appeal with the District of Columbia Superior Court within thirty days. Id. The Letter of Determination also notified Plaintiff of her right to a "Substantial Weight Review" by the U.S. Equal Employment Opportunity Commission ("EEOC") within fifteen days. Id.

On October 23, 2004 Plaintiff filed a Petition for Review of Agency Decision ("Petition") with the Superior Court. Id. at 4, Ex. 4. On November 2, 2004, the Superior Court dismissed the

Petition "without prejudice for Plaintiff to amend," because she named the wrong party defendant. Id., Ex. 5. Plaintiff did not amend her Petition. Def.'s Br. at 4.

After filing a Charge of Discrimination with the EEOC,[1] Plaintiff filed the instant action in D.C. Superior Court on February 26, 2005. Defendant removed the case to this Court. In her Complaint, Plaintiff alleges the same claims she alleged in 2002 with the OHR -- that Defendant discriminated against her because of her race and religion when it refused her request for leave to attend a religious event.[2] Compl. at 1-2.

On April 13, 2005, Defendant filed the instant Partial Motion to Dismiss or, in the Alternative, for Partial Summary Judgment, with respect to Plaintiff's DCHRA claim.

---

[1] The EEOC issued a Dismissal and Notice of Rights, noting that it "adopted the findings of the state or local fair employment practices agency that investigated this charge." Compl., Ex. 1.

[2] Defendant asserts that Plaintiff's Complaint is for religious discrimination only. Def.'s Mot. at 3. Although her Complaint, which was filed pro se, is not totally clear, she does suggest her claims are race-based by including information about an Asian employee who was granted leave. Plaintiff confirms this in her Opposition: "I believe I have been discriminated against in the terms, conditions and discharge of my employment, on the bases of race (Black) and religion (Pentecostal)." Opp'n at 1. Finally, Plaintiff's underlying charge of discrimination with the OHR, which is based on the same facts, clearly alleged both religious and racial discrimination. For all these reasons, the Court will treat Plaintiff's Complaint as asserting claims for both racial and religious discrimination.

**II. STANDARD OF REVIEW**[3]

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party then must "go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotations omitted). See Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (nonmoving party has affirmative duty "to provide evidence that would permit a reasonable jury to find" in its favor); Crenshaw v. Georgetown Univ., 23 F.Supp.2d 11, 15 (D.D.C. 1998) (noting that "adverse party must do more than simply 'show that there is some metaphysical doubt as to the material facts'"

---

[3] Because this Motion requires consideration of documents other than Plaintiff's Complaint, it must be treated as a summary judgment motion. Fed. R. Civ. P. 12(b).

(quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

In deciding a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Ultimately, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

### III. ANALYSIS

Defendant asserts that under the election of remedies provision of the DCHRA, Plaintiff cannot file a complaint with the OHR *and* bring suit in court. Def.'s Br. at 2. The relevant portion of the statute provides:

> "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder; provided, that where the Office has dismised such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the Office."

D.C. Code § 2-1403.16(a) (West 2005).

Thus, it is an established rule of law that jurisdiction of a court and the OHR are mutually exclusive unless:  1) the OHR had dismissed the complaint on the grounds of administrative convenience or, 2) the employee had voluntarily withdrawn the complaint before an administrative decision was reached. Id.; see also Weiss v. Int'l Bhd. of Elec. Workers, 729 F. Supp. 144, 146 (D.D.C. 1990) (barring plaintiff's claim under the election of remedies doctrine for failure to allege the complaint was withdrawn in a timely fashion or dismissed for administrative convenience); Parker v. Nat'l Corp. for Hous. P'ships, 697 F. Supp. 5, 7 (D.D.C. 1988) (explaining that, under the clear language of the statute, the jurisdiction of the Court and the OHR are mutually exclusive); Anderson v. U.S. Safe Deposit Co., 552 A.2d 859, 862-63 (D.C. 1989) (interpreting statute to provide for an ab initio election of remedies); Brown v. Capitol Hill Club, 425 A.2d 1309, 1311 (D.C. 1981) (by filing with OHR, provided the statutory exceptions do not apply, complainant loses right to file the same action in court).

Defendant asserts that Plaintiff's claim was fully investigated and decided by the OHR, and that it was not dismissed for administrative convenience or withdrawn by Plaintiff.  Def.'s Br. at 3.  These facts are undisputed.  Plaintiff fails to respond to this argument in her Opposition, and does not in any other way refute the assertion that she has exhausted her available relief under the DCHRA's election of remedies provision.  Indeed, in her

-6-

Opposition, Plaintiff concedes she filed a charge of discrimination with the OHR and received a Letter of Determination. Opp'n at 6.

Furthermore, Plaintiff was allowed judicial review of the OHR's decision in Superior Court. That Petition for Review was dismissed without prejudice, but Plaintiff failed to amend. These undisputed facts preclude Plaintiff from now seeking redress on the same claim in this Court, and therefore the DCHRA claim must be dismissed.

**IV. CONCLUSION**

Drawing all inferences in Plaintiff's favor, Defendant has demonstrated that there is no issue of material fact regarding Plaintiff's exhaustion of administrative remedies under the DCHRA. For the foregoing reasons, Defendant's Partial Motion to Dismiss, or in the Alternative, for Partial Summary Judgment is **granted**, and Plaintiff's DCHRA claim is **dismissed.**

An Order will issue with this Memorandum Opinion.


October 11, 2005                                /s/
                                        Gladys Kessler
                                        U.S. District Judge

**Copies to:** Attorneys of record via ECF.